A verdict and judgment were given for the plaintiff on one count in his declaration, and the defendant moved for judgment against the plaintiff for costs incurred by the defendant in the attendance of witnesses to prove his defense to other counts in which the plaintiff had entered a nolleprosequi. The court refused the motion, and the defendant appealed.
The question depends entirely upon the statute. The Revised Statute, ch. 31, sec. 79, taken from Laws, 1777, ch. 115, sec. 90, is that "in all actions whatsoever the party in whose favor judgment shall be given, or in case of a nonsuit, dismission, or discontinuance, the defendant shall be entitled to full costs, unless when it may be otherwise directed by statute." The words are as plain and positive as they can be, and are decisive against the defendant. There was no nonsuit, dismission, or discontinuance of the plaintiff's action, but there was judgment given in favor of the plaintiff. Therefore, under the act he is entitled to his full costs, and the case has not happened in which the defendant (115) can have a judgment for costs. The act provides for no division of costs between the parties in any case. The party who gets a judgment for costs at all, whether it be the plaintiff on confession, verdict, or demurrer, or the defendant on verdict, demurrer, retraxit, or nonsuit, is "entitled to full cost" by the express terms of the statute. *Page 87 
A question, indeed, often arises what costs the prevailing party shall have — what are his full costs; and the court frequently refuses to allow sums claimed, for example, by a successful plaintiff, to be taxed against the defendant: as if he had summoned more witnesses to a single fact than allowed by the subsequent act of 1783, or summoned witnesses to irrelevant matter, or did not swear or tender them. In such cases the courts have often left them to pay such witnesses, and refused to include them in the costs for which judgment was rendered against the losing party. But in no instance found in the books, or recollected in the profession, has the losing party recovered his costs or any part of them. There has been no such judgment; and, as far as is known, this is the first instance in which it has been asked for. The nolle prosequi upon the two counts can make no difference upon this point, whether the court ought or ought not to have allowed it; for, as to the question of the defendant's costs, he has suffered no prejudice by the nolle prosequi, since, if it had not been entered, he could not have had judgment for them against the plaintiff, who obtained a verdict in the action.
Such being the plain provision of the law, a court ought not, upon any notion of its injustice, to thwart the legislative will. The Court does not undertake to form any opinion of its justice or injustice, as our duty is merely to execute the act in its obvious sense.
I agree, therefore, that the judgment shall be affirmed.
PER CURIAM. No error.
Cited: Fox v. Keith, 46 N.C. 525; Wooley v. Robinson, 52 N.C. 31;Loftis v. Baxter, 66 N.C. 342; Vestal v. Sloan, 83 N.C. 557; Cook v.Patterson, 103 N.C. 129; S. v. Massey, 104 N.C. 878; Ferrabow v. Green,110 N.C. 416; Hobbs v. R. R., 151 N.C. 136; Cotton Mills v. HosieryMills, 154 N.C. 465; Chadwick v. Ins. Co., 158 N.C. 381; LaRoque v.Kennedy, 161 N.C. 464.
(116)